# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARLOS IBARRA-ROQUE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>U.S. DEPARTMENT OF IMMIGRATION, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:22-CV-00250-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Carlos Ibarra-Roque's ("Ibarra-Roque") application to proceed *in forma pauperis*, (ECF No. 5), and amended civil rights complaint (ECF No. 4). For the reasons stated below, the Court recommends that Ibarra-Roque's *in forma pauperis* application, (ECF No. 5), be denied as moot, and the amended complaint, (ECF No. 4), be dismissed, based on a lack of jurisdiction.

## I.    *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the

---

[1]    This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveal Ibarra-Roque cannot pay the filing fee. (*See* ECF No. 5.) However, because the Court recommends the complaint be dismissed without prejudice, but without leave to amend, the Court recommends the IFP application be denied as moot.

## II.  SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must

accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III. SCREENING OF AMENDED COMPLAINT[2]

In his amended complaint, Ibarra-Roque sues Defendants U.S. Department of Immigration, ICE (Immigration and Customs Enforcement), and Acting Director D. Johnson (collectively referred to as "Defendants") under 42 U.S.C. § 1983. (*See* ECF No. 4.) Ibarra-Roque alleges that an ICE detainer has been placed on him without a due process hearing. (*Id.* at 3.) Ibarra-Roque asserts due process and equal protection violations and seeks monetary damages and for the immigration hold to be removed. (*Id.* at 8.)

Although Ibarra-Roque has filed what purports to be a civil rights complaint pursuant to 42 U.S.C. § 1983, the relief he seeks is judicial review of an immigration detainer and an injunction to prevent future removal from being carried out. An immigration detainer is a request to a law enforcement agency or prison to notify the United States Department of Homeland Security ("DHS") before it releases an alien upon completion of his criminal sentence so that DHS may take custody of the alien for removal

---

[2] Ibarra-Roque filed an amended complaint, (ECF No. 4), before the Court screened his original complaint, (ECF No. 1-1). Accordingly, the amended complaint, (ECF No. 4), is the operative complaint in this case.

proceedings. 8 C.F.R. § 287.7; *see also Galaviz–Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) ("A detainer usually serves only as a notice to federal prison authorities that the INS is going to be making a decision about the deportability of the alien in the future."). Accordingly, as the Ninth Circuit has explained, "'the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" *Campos v. Immigration and Naturalization Service*, 62 F.3d 311, 314 (9th Cir. 1995) (quoting *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994)); *see also United States v. Female Juvenile, A.F.S.*, 377 F.3d 27, 35 (1st Cir. 2004) ("[A]n INS detainer is not, standing alone, an order of custody. Rather, it serves as a request that another law enforcement agency notify the [Immigration and Naturalization Service] before releasing an alien from detention so that the INS may arrange to assume custody over the alien."). In short, the detainer is only a notification that a removal decision will be made at some later date. *Campos*, 62 F.3d at 313–14. Thus, to the extent Ibarra-Roque is seeking an order from the district court declaring that federal immigration officials may not lawfully remove him from the United States. The Court does not have jurisdiction to grant such relief.

The REAL ID Act, 8 U.S.C. § 1252(a)(5), specifies that the exclusive method for obtaining judicial review of a final order of removal is to file a petition for review in the Court of Appeals. *See Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008); *Iasu v. Smith*, 511 F.3d 881, 886 (9th Cir. 2007) ("The REAL ID Act changed the statutory regime . . . by eliminating all district court habeas jurisdiction over orders of removal." (internal citations omitted)). Here, Ibarra-Roque is allegedly subject to an ICE detainer and potential removal and is seeking federal judicial intervention to preclude its enforcement. Under the REAL ID Act, Ibarra-Roque must pursue judicial review of his removal order in the Court of Appeals—not via a civil rights complaint in the federal district court. *See id.* ("Congress' clear intent [was] to have all challenges to removal orders heard in a single forum (the courts of appeals)[.]" (citations omitted)). Thus, to the extent Ibarra-Roque is attempting to preemptively litigate any defense to future removal proceedings,

this Court lacks jurisdiction to address his claims. *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact ... arising from any action taken or proceeding brought to remove an alien from the United States ... shall be available only in judicial review of a final order of removal ...."); 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal ....").

In sum, Ibarra-Roque's claims are not cognizable in either a § 1983 action or a habeas corpus action in this court. Section 1252 of Title 8 of the United States Code allows only very limited judicial review of ICE orders and decisions. *See* 8 U.S.C. § 1252 (stating which orders are reviewable and listing requirements to seek judicial review); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471 (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of ICE's "decision or action to commence proceedings, adjudicate cases, or execute removal orders").

Accordingly, for all these reasons, the Court is without jurisdiction to entertain Ibarra-Roque's claims and the complaint should be dismissed for lack of jurisdiction.

**IV.    CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Ibarra-Roque's *in forma pauperis* application, (ECF No. 5), be denied as moot, and the amended complaint, (ECF No. 4), be dismissed, based on lack of jurisdiction.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the

1  District Court's judgment.

2  **V.   RECOMMENDATION**

3    **IT IS THEREFORE RECOMMENDED** that the *in forma pauperis* application, (ECF
4  No. 5), be **DENIED as moot**; and

5    **IT IS FURTHER RECOMMENDED** that the amended complaint, (ECF No. 4), be
6  **DISMISSED for lack of jurisdiction**.

7  **DATED**: July 27, 2022            .

8  _____
   **UNITED STATES MAGISTRATE JUDGE**