UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARLOS IBARRA-ROQUE,<br><br>　　　　　　　Plaintiff,<br>　v.<br>U.S. DEPARTMENT OF IMMIGRATION, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:22-cv-00250-ART-CLB<br><br>ORDER |

  Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Carla L. Baldwin (ECF No. 6), recommending that Ibarra-Roque's in forma pauperis application, (ECF No. 5), be denied as moot, and the amended complaint, (ECF No. 4), be dismissed, based on a lack of jurisdiction.

  The deadline for objections was August 10, 2022. Considering Mr. Ibarra-Roque's *pro se* status and the circumstance that he is detained the Court granted Mr. Ibarra-Flores until November 8, 2022, to file any objections. No objections have been filed.

  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that

the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

In his amended complaint, Ibarra-Roque sues Defendants U.S. Department of Immigration, ICE (Immigration and Customs Enforcement), and Acting Director D. Johnson (collectively referred to as "Defendants") under 42 U.S.C. § 1983. (See ECF No. 4.) Ibarra-Roque alleges that an ICE detainer has been placed on him without a due process hearing. (*Id.* at 3.) Ibarra-Roque asserts due process and equal protection violations and seeks monetary damages and for the immigration hold to be removed. (*Id.* at 8.)

Judge Baldwin found that the Court is without jurisdiction to entertain Ibarra-Roque's claims and the complaint should be dismissed for lack of jurisdiction. Judge Baldwin explained that Mr. Ibarra-Roque's claims are not cognizable in either a § 1983 action or a habeas corpus action in this court. Section 1252 of Title 8 of the United States Code allows only very limited judicial review of ICE orders and decisions. *See* 8 U.S.C. § 1252 (stating which orders are reviewable and listing requirements to seek judicial review); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471 (1999) (interpreting 8 U.S.C. § 1252(g) to find no judicial review of ICE's "decision or action to commence proceedings, adjudicate cases, or execute removal orders").

Because Plaintiff does not object to the R&R, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Baldwin's Report and Recommendation (ECF No. 6) is accepted and adopted in full.

IT IS FURTHER ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 5) is DENIED as moot.

DATED THIS 13th Day of December 2022.

_____
ANNE T. TRAUM
UNITED STATES DISTRICT JUDGE